## John Workman v. William S. Dodd.

1. EVIDENCE—*Tickets of Deposit.*—A ticket of deposit is competent testimony tending, in connection with other evidence, to show that a person has deposited in a bank, money to be credited to another; but of itself, such ticket does not necessarily tend to prove that the money deposited was the property of the person making the deposit.

Memorandum.—Assumpsit on open accounts. In the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Declaration, common counts; pleas, general issue and set-off; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this

court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

W. L. GROSS and CONKLING & GROUT, attorneys for appellant.

PATTON, HAMILTON & PATTON, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The parties hereto, neighboring farmers in Sangamon county, had many business transactions and dealings during the years 1887–8–9 and '90. Upon these unsettled demands each claimed a balance due from the other. The appellee instituted assumpsit to recover the balance due him, as he alleged, and upon a hearing before a jury obtained a verdict and judgment in his favor from which this appeal is prosecuted. The principal contention arose over certain bank checks and moneys deposited at different times by the appellee in the State National Bank of Springfield, to the credit of the appellant. Appellee claimed and testified that he loaned the fund so deposited to the appellant to be repaid with interest, and deposited it in the bank to appellant's credit by his direction. Appellant denied this, and insisted and testified that the deposits were of his checks and moneys which he sent by the appellee to the bank to be deposited to his credit. This issue was sharply and clearly drawn. The testimony bearing upon it was conflicting and in part directly contradictory. That in behalf of either of the parties standing alone would have sufficiently supported a finding in his favor. In such state of case it is familiar law that the instructions of the court upon the issue must be accurate.

We think the first instruction given in behalf of appellee and which was directed exclusively to this contention fatally erroneous. The appellee introduced deposit tickets made out and left with the bank when the deposits in question were made, of one of which the following is a true copy:

Workman v. Dodd.

State National Bank.

Springfield, Ill., 1–14, 1887.

DEPOSITED BY JOHN WORKMAN.

. . . . . . . . . . . . . . . . . . . . . . . . . . .

| | | |
|---|---|---|
| Gold . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Silver . . . . . . . . . . . . . . . . ; . . . . Far . . . . . . . . . . . . . . | $ 86 | 15 |
| Currency . . . . . . . . . . . . . ; . . . . Far . . . . . . . . . . . . . . | 285 | 00 |
| Checks . . . . . . . . . . . . . . . ; . . . . Waverly . . . . . . . . . . . | 90 | 00 |
| . . . . . . . . . . . . . . . . . . . . . ; . . . . Illinois . . . . . . . . . . . . | 91 | 60 |
| . . . . . . . . . . . . . . . . . . . . . ; . . . . R. . . . . . . . . . . . . . . . . | 188 | 70 |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $741 45
. . . . . . . . . . . . . . . . . . . . Less Cash . . . . . . . . . . . . . 60 00
. . . . . . . . . . . . . . . . . . . . By . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . W. S. Dodd . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . Total . . . . . . . . . . . . . . . . . . $681 45
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The other tickets were the same, except in so far as the description of the items deposited, differed. As to these tickets the court instructed the jury as follows:

" The court instructs the jury that the deposit tickets in evidence showing deposits of plaintiff to the credit of defendant are *prima facie* proof that the plaintiff deposited the money and checks specified therein to the credit of the defendant, and plaintiff is entitled to credit for such money and checks, unless the evidence shows that such money or checks were the property of the defendant at the time such deposits were made." The tickets were competent testimony, tending, in connection with other testimony, to show that the appellee delivered to the bank money and checks to be credited to the appellant, but of themselves did not tend to prove that the funds deposited were the property of the appellee. All that appeared upon any of the tickets, independent of other proof, was as consistent with the view that the funds deposited belonged to the appellant, and that he sent them by the appellee to the bank to be deposited, as with the claim of the appellee that he loaned

the checks and money to the appellant and deposited them in the bank because directed to do so by the borrower. Which of these conflicting views was established, depended, not upon the facts disclosed by the tickets, but upon other testimony, which, as we have said, was directly contradictory. Hence it was erroneous to advise the jury, as did the instruction, that the tickets established *prima facie* that the appellee was entitled to credit as against the appellant for the moneys and checks deposited, and should be so credited by the jury unless proof in behalf of the appellant overcome such *prima facie* case.

The prejudicial effect of the instruction can not, we think, be doubted, and because it was given the judgment must be, and is, reversed. Reversed and remanded.